IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOOLA O. TAYLOR, # B41154,        )
                                  )
      Plaintiff,              )
                                  )
vs.                               )    CASE NO. 11-cv-645-MJR
                                  )
JACK ASHBY,                       )
DAVID REDNOIR,                    )
TRACY LEE,                        )
JOHN DOE #1-3,                    )
JAMES M. RYAN,                    )
GINA ALLEN, and                   )
GLADYSE C. TAYLOR,                )
                                  )
      Defendants.             )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

      Plaintiff Taylor, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a thirty-two year sentence. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which
>     relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune
>     from such relief.

      An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; a portion of this action is subject to summary dismissal.

**The Complaint**

In his pro se complaint, Plaintiff Taylor states that on July 8, 2010 he was issued a "major" Inmate Disciplinary Report ("ticket') for disobeying an order. He received 60 days in segregation—although he ultimately remained in segregation for 90 days. Plaintiff alleges that race motivated the decision to classify his offense as "major;" in violation of his right under the Fourteenth Amendment to the equal protection of the

laws. According to Taylor, white inmates' offenses are characterized as "minor." Taylor further contends that he was denied due process at every step in the administrative processing and review of his ticket and resulting punishment, in violation of the Fourteenth Amendment. Plaintiff also takes issue with the conditions of his confinement in segregation, which allegedly amount to cruel and unusual punishment in violation of the Eighth Amendment. After he attempted to seek redress, Taylor was threatened with retaliation in violation of the First Amendment: if he did not stop writing grievances and letters about his situation, he would never leave segregation.

Plaintiff seeks a preliminary and permanent injunction reforming Menard's IDR review system and grievance service procedure, closing unsafe segregation cells, and condemning the baseless segregation of prisoners. He also requests compensatory and punitive damages.

**Discussion**

Based on the allegations of the complaint, the only aspect of the complaint that fails on its face is Taylor's First Amendment retaliation claim against Defendant Correctional Counselor James Ryan. Therefore, without comment as to the relative merit of Taylor's other claims, the Court will analyze the retaliation claim in more depth.

Plaintiff Taylor filed repeated grievances and written complaints from July through September of 2010 regarding the conditions of his segregation cell(s) and the errors during his disciplinary hearing. During the first week of October 2010, Plaintiff's counselor, James Ryan, came to Plaintiff's cell. He told Plaintiff to discontinue filing grievances and sending letters, or "he would make sure that [Plaintiff] never left segregation" (Doc. 1, p. 6).

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the protected activity and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

However,

> [N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred. *Murphy v. Lane,* 833 F.2d 106, 108-09 (7th Cir. 1987) (holding that the plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of defendants could arguably be inferred" sufficient to overcome a motion to dismiss). *See also Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). Barring such a chronology, dismissal may be appropriate in cases alleging retaliatory discipline.

*Cain,* 857 F.2d at 1143 n.6.

Plaintiff reports that Defendant Ryan threatened to retaliate against him if he continued to file grievances. He does not state, however, that Ryan actually committed an act of retaliation. Although Defendant Ryan threatened to act if Plaintiff continued to file grievances, the complaint describes no actual retaliatory conduct. Had

Plaintiff continued to file additional grievances and subsequently remained in segregation for a longer period as stated in the threat, he may have been able to state a claim. Based on these allegations in the complaint, however, Plaintiff fails to state a claim for retaliation. Thus, this claim against Defendant Ryan shall be dismissed without prejudice. Because the retaliation claim is the only claim asserted against Ryan, he shall be dismissed from the action.

**Request for Injunctive Relief**

Plaintiff moves for a preliminary injunction aimed at (1) establishing a grievance receipt system, (2) ensuring due process in administrative hearings, and (3) closing those parts of the segregation unit that are unsafe, hazardous or unsanitary. In assessing whether a preliminary injunction is warranted, we must consider whether the party seeking the injunction has demonstrated that "1) it has a reasonable likelihood of success on the merits; 2) no adequate remedy at law exists; 3) it will suffer irreparable harm if it is denied; 4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and 5) the preliminary injunction will not harm the public interest." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Linnemeir v. Board of Trustees of Purdue University*, 260 F.3d 757, 761 (7th Cir. 2001). The nature of the due process issues involved, and the fact that Plaintiff has already been released from segregation makes clear that Plaintiff will not suffer any harm if a preliminary injunction is not issued.

Therefore, Plaintiff Taylor's motion for a preliminary injunction shall be denied, although his prayer for permanent injunctive relief remains. At this juncture, the

Court offers no opinion as to whether an injunction is an appropriate remedy.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff Taylor fails to state a claim upon which relief may be granted relative to his First Amendment retaliation claim against Defendant **JAMES M. RYAN**; the retaliation claim is **DISMISSED without prejudice**, and Defendant RYAN is **DISMISSED** from this action **without prejudice**. Plaintiff's other claims shall proceed.

The Clerk of Court shall prepare for Defendants **ASHBY, REDNOIR, LEE, ALLEN** and **Taylor**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within **thirty (30) days** from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the remaining Unknown Defendants, John Doe #1-3, until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

It is **FURTHER ORDERED** that, if Defendants no longer can be found at the work addresses provided by Plaintiff, the employer shall furnish the Clerk of Court with Defendants' current work addresses, or, if not known, Defendants' last-known

addresses. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **FURTHER ORDERED** that Defendants shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed

against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 17, 2012**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**