IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOOLA O. TAYLOR, # B41154,        )
                                  )
            Plaintiff,            )
                                  )
vs.                               )        CASE NO. 11-cv-645-MJR
                                  )
JACK ASHBY,                       )
DAVID REDNOIR,                    )
TRACY LEE,                        )
JOHN DOE #1-3,                    )
JAMES M. RYAN,                    )
GINA ALLEN, and                   )
GLADYSE C. TAYLOR,                )
                                  )
            Defendants.           )

**<u>MEMORANDUM AND ORDER</u>**

REAGAN, District Judge:

Plaintiff Taylor, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court conducted a preliminary review of the complaint for cognizable claims (Doc. 7). Multiple claims passed the threshold review, but the Court dismissed Taylor's First Amendment retaliation claim against Defendant Correctional Counselor James Ryan, without prejudice, for failure to state a claim upon which relief could be granted. Ryan was also dismissed as a defendant, as the Court did not perceive any other claims against Ryan. Plaintiff Taylor is now before the Court seeking reconsideration, arguing that the Court did not recognize an Eighth Amendment conditions of confinement claim against Ryan that is factually linked to the retaliation claim (Doc. 18). Plaintiff's motion (Doc. 18) is well taken.

1

## Analysis

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure.  But such motions are routinely filed, and they generally are treated as motions for relief from judgment/order under Rule 60(b).  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).  Rule 60(b) permits a court to relieve a party from an order or judgment based on, *inter alia*, mistake.

Plaintiff Taylor now makes clear that Defendant Ryan is the unnamed counselor referenced in paragraph 56 of the complaint, to whom he complained about the conditions of his cell and his "psychotic" cellmate.  Rereading the complaint with that clarification makes clear that the Court erred in dismissing Plaintiff's retaliation claim against Ryan and in not recognizing an Eighth Amendment claim against Ryan regarding the conditions of his confinement.

Plaintiff Taylor filed repeated grievances and written complaints from July through September of 2010 regarding the unsafe and unhygienic conditions of his segregation cell(s) (which he describes in detail in the complaint).  Paragraph 56 of the complaint alleges that Taylor complained about the conditions of his cell to "the counselor"—meaning Defendant Ryan.  During the first week of October 2010, Ryan, came to Plaintiff's cell and told Plaintiff to discontinue filing grievances and sending letters, or "he would make sure that [Plaintiff] never left segregation."  Because of Ryan's threats, Plaintiff Taylor did not pursue a remedy for the conditions of his confinement.

Plaintiff's allegations adequately plead viable constitutional claims.  Penalties that follow protected speech are characterized as "retaliation," while threats of

2

penalties for future protected speech are referred to as "prior restraint"—both concepts are related and actionable under the First Amendment.   *Fairley v. Andrews*, 578 F.3d 518, 525 (7ᵗʰ Cir. 2009); *Surita v. Hyde*, 665 F.3d 860, 877 (7ᵗʰ Cir. 2011).  Relative to the conditions of Plaintiff's cell, In *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)*,* the Supreme Court held that prison officials have a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care."

The Court had originally considered paragraphs 79 and 80 as essentially asserting the same claim for retaliation.   Instead, paragraph 79 asserts a First Amendment retaliation claim and/or a First Amendment prior restraint claim against Ryan.  The "Eighth Amendment retaliation claim" asserted in paragraph 80 is actually an Eighth Amendment conditions of confinement claim, linked to the Eighth Amendment conditions of confinement claim alleged in paragraph 86.

## Conclusion

**IT   IS   HEREBY   ORDERED** that Plaintiff Taylor's motion for "reconsideration" pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 18) is **GRANTED**.  The Court's August 17, 2012, Order (Doc. 7) is **VACATED IN PART**, specifically with respect to the dismissal of the retaliation claim against Defendant James M. Ryan, and the dismissal of Ryan as a defendant to this action.  The Court's Order otherwise shall otherwise stand.  The Clerk of Court is **DIRECTED** to have the record reflect that Defendant James M. Ryan is reinstated as a defendant in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **JAMES M. RYAN**  (1) Form 5 (Notice of a Lawsuit and Request to Waive

3

Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to Defendant's place of employment as identified by Plaintiff.  If the Defendant fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within **thirty (30) days** from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

It is **FURTHER ORDERED** that, if the Defendant no longer can be found at the work addresses provided by Plaintiff, the employer shall furnish the Clerk of Court with the Defendant's current work addresses, or, if not known, Defendant's last-known addresses.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the Court's files or disclosed by the Clerk.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

It is **FURTHER ORDERED** that Defendant Ryan shall timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply

pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

As previously ordered, pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Finally, Plaintiff is again **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution.

5

*See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 9, 2012**

<u>s/ *Michael J. Reagan*</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**